IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

FARM CREDIT LEASING SERVICES CORPORATION                       PLAINTIFF

v.                      Case No. 3:19-cv-00159-LPR

DURHAM LAND LEVELING INC. and
EDWARD GENE DURHAM                                             DEFENDANTS

### ORDER

!     On September 1, 2020, Plaintiff filed a Motion for Default Judgment against all Defendants.[1] The Motion states that Plaintiff moves for default judgment under Federal Rule of Civil Procedure 55(b)(2). Plaintiff also filed a Memorandum in Support of its Motion for Default Judgment, an Affidavit regarding the calculation of attorney's fees, and an Affidavit repeating many of the factual and legal assertions made in Plaintiff's Complaint.[2] The Court will deny Plaintiff's Motion without prejudice for the following reason.

    The Eighth Circuit has repeatedly held that an "entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)."[3] An entry of default under Rule 55(a) has not occurred in this case. Thus, Plaintiff's Motion for Default Judgment is premature.[4] According to Rule 55(a), the clerk will enter a party's default after the moving party shows, "by affidavit or

---

[1] Doc. 7.

[2] Docs. 8-10.

[3] *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998); *Tollefson v. Pladson*, 508 F. App'x 593, 595 (8th Cir. 2013) (unreported) (concluding that "the district court erred" because it "entered default judgment without first directing a clerk's entry of default under Rule 55(a)").

[4] *See Cypress Ins. Co. v. Veal*, No. 3:19-CV-00114-KGB, 2020 WL 560115, at *2 (E.D. Ark. Feb. 4, 2020) ("Rule 55 of the Federal Rules of Civil Procedure contemplates a two-step process for the entry of default judgments.").

otherwise," that a party "has failed to plead or otherwise defend" against a pleading listed in Federal Rule of Civil Procedure 7(a).[5]  The affidavit must set forth "proof of service, including the date thereof," and "a statement that no responsive pleading has been received within the time limit set by the Federal Rules of Civil Procedure or as fixed by the Court."[6]  The affidavit must also state whether the alleged defaulting party is a minor, incompetent, or in military service.[7]

The Court could construe Plaintiff's Motion as a motion for the entry of default under Rule 55(a) and refer the Motion to the Clerk.  But to do so in this case would not make sense.  Plaintiff's Motion does not contain any of the showings required for the Clerk to enter default under Rule 55(a).  Plaintiff's Memorandum in Support of its Motion for Default Judgment does state that Defendants were served on May 31, 2019, that Defendants had until June 21, 2019 to file an answer or responsive pleading, and that Defendants failed to timely answer or otherwise respond.[8]  But even if these statements could satisfy some of the requirements for entry of default under Rule 55(a),[9] there is still nothing in Plaintiff's various filings that indicate whether Separate Defendant Edward Gene Durham is a minor, incompetent, or in military service.  Accordingly, the Court DENIES Plaintiff's Motion for Default Judgment WITHOUT PREJUDICE.  Once Plaintiff obtains an entry of default under Rule 55(a), Plaintiff may re-file its Motion for Default Judgment.

IT IS SO ORDERED this 11th day of December 2020.

*[signature]*
LEE P. RUDOFSKY
UNITED STATES DISTRICT COURT

---

[5] FED. R. CIV. P. 55(a); *see also Johnson*, 140 F.3d at 783.

[6] *Cypress*, 2020 WL 560115, at *2.

[7] *Id.* See FED. R. CIV. P. 55(b); 50 U.S.C. § 3931.

[8] Doc. 8.

[9] A memorandum of law is argument, not evidence.  It is not like an affidavit or other potential record evidence.